IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:07-cv-418 |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Fanuc Ltd., Fanuc Robotics America, Inc., GE Fanuc Automation Corporation, GE Fanuc Automation Americas, Inc., and GE Fanuc Intelligent Platforms, Inc., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF ROY-G-BIV CORPORATION'S COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff ROY-G-BIV Corporation ("ROY-G-BIV"), for its complaint, alleges as follows:

**THE PARTIES**

1. Plaintiff ROY-G-BIV is a Washington corporation with its principal place of business at 154 E. Bingen Point Way, Suite E, Bingen, WA 98605. ROY-G-BIV is a software company dedicated to integrating motion-controlled machines and software.

2. Defendant Fanuc Ltd. ("Fanuc") is a Japanese corporation.

3. Defendant Fanuc Robotics America, Inc. ("Fanuc Robotics") is a Delaware corporation with its principal place of business and its headquarters at 3900 West Hamlin Rd., Rochester Hills, Michigan 48309-3253. Fanuc Robotics is a subsidiary of Fanuc, which owns 100% of the capital stock of Fanuc Robotics.

4. Defendant GE Fanuc Automation Corp. ("GE Fanuc") is a Delaware corporation

having its principal place of business in Charlottesville, Virginia, with its corporate headquarters located at 2500 Austin Drive, Charlottesville, Virginia 22911. GE Fanuc operates as a holding company which, through its subsidiaries, manufactures and distributes factory automation equipment including computer numeric controls and computer program logic modules.

5. Defendant GE Fanuc Automation Americas, Inc. ("GEFAA") is a Delaware corporation having its principal place of business at 29N and Route 606, Charlottesville, Virginia 22901. GEFAA is a subsidiary of GE Fanuc, which owns a majority of the capital stock of GEFAA.

6. GEFAA is also known as GE Fanuc Intelligent Platforms, Inc. ("GEFIP"). Defendant GEFIP is a Delaware corporation having its principal place of business at 29N and Route 606, Charlottesville, Virginia 22901. GEFIP is a subsidiary of GE Fanuc, which owns a majority of the capital stock of GEFIP.

## JURISDICTION AND VENUE

7. This action is for Defendants' infringement of patents owned by ROY-G-BIV, and it arises out of the patent laws of the United States.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction (1) exists generally over the Defendants because they (either directly or through their subsidiaries, divisions, groups or distributors) have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or (2) exists specifically over the Defendants (either directly or through their subsidiaries, divisions, groups or distributors) because of their infringing conduct within or directed at the State of Texas and this district. For example, Defendants place products (some of

which are described below) into the stream of commerce that infringe and/or are used to infringe the patents-in-suit, knowing that the products may likely reach the State of Texas and this district.

10. Fanuc Robotics, GEFAA, and GEFIP are authorized to do business in this state and may be served with process by serving their registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

11. Venue is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## **THE PATENTS**

12. On November 25, 1997, U.S. Patent No. 5,691,897 ("the '897 patent"), entitled, "Motion Control Systems," was duly and legally issued. A true copy of the '897 patent is attached as Exhibit A.

13. ROY-G-BIV holds all rights, title and interest to the '897 patent, including the rights to enforce the patent.

14. On January 28, 2003, U.S. Patent No. 6,513,058 ("the '058 patent"), entitled, "Distribution of Motion Control Commands Over a Network," was duly and legally issued. A true copy of the '058 patent is attached as Exhibit B.

15. ROY-G-BIV holds all rights, title and interest to the '058 patent, including the rights to enforce the patent.

16. On February 4, 2003, U.S. Patent No. 6,516,236 ("the '236 patent"), entitled, "Motion Control Systems," was duly and legally issued. A true copy of the '236 patent is attached as Exhibit C.

17. ROY-G-BIV holds all rights, title and interest to the '236 patent, including the

rights to enforce the patent.

18. On September 6, 2005, U.S. Patent No. 6,941,543 ("the '543 patent"), entitled, "Motion Control System and Method," was duly and legally issued. A true copy of the '543 patent is attached as Exhibit D.

19. ROY-G-BIV holds all rights, title and interest to the '543 patent, including the rights to enforce the patent.

## COUNT ONE

### (Infringement of the '543 Patent)

20. ROY-G-BIV repeats and re-alleges the allegations of paragraphs 1 through 19 above as if fully set forth herein.

21. Defendants have been and are infringing one or more claims of the '543 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software (for example, PROFICY, CIMPLICITY, and/or FOCAS software), along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

22. One or more of Defendants have willfully infringed and are willfully infringing the '543 patent.

23. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '543 patent.

24. ROY-G-BIV has been and will continue to be damaged by Defendants' infringement.

25.     Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT TWO

### (Infringement of the '897 Patent)

26.     ROY-G-BIV repeats and re-alleges the allegations of paragraphs 1 through 25 above as if fully set forth herein.

27.     GE Fanuc, GEFAA, GEFIP, and Fanuc have been and are infringing one or more claims of the '897 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software (for example, PROFICY and CIMPLICITY with FOCAS), along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

28.     One or more of Defendants have willfully infringed and are willfully infringing the '897 patent.

29.     ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '897 patent.

30.     ROY-G-BIV has been and will continue to be damaged by GE Fanuc's, GEFAA's, GEFIP's, and Fanuc's infringement.

31.     Defendants' continuing acts of infringement are irreparably harming and causing

damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT THREE

### (Infringement of the '058 Patent)

32. ROY-G-BIV repeats and re-alleges the allegations of paragraphs 1 through 31 above as if fully set forth herein.

33. GE Fanuc, GEFAA, GEFIP, and Fanuc have been and are infringing one or more claims of the '058 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software (for example, PROFICY and CIMPLICITY with FOCAS), along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

34. One or more of Defendants have willfully infringed and are willfully infringing the '058 patent.

35. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '058 patent.

36. ROY-G-BIV has been and will continue to be damaged by GE Fanuc's, GEFAA's, GEFIP's, and Fanuc Robotic's infringement.

37. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants'

continuing acts of infringement. The hardships that would be imposed by an injunction are less than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## COUNT FOUR

### (Infringement of the '236 Patent)

38. ROY-G-BIV repeats and re-alleges the allegations of paragraphs 1 through 37 above as if fully set forth herein.

39. GE Fanuc, GEFAA, GEFIP, and Fanuc have been and are infringing one or more claims of the '236 patent. Examples of their infringing conduct include manufacturing, selling, offering to sell, using, and/or importing software (for example, PROFICY and CIMPLICITY with FOCAS), along with equipment such as controllers and robots that are used with this software, without authority from ROY-G-BIV. Defendants also encourage others to use their software and equipment in an infringing manner.

40. One or more of Defendants have willfully infringed and are willfully infringing the '236 patent.

41. ROY-G-BIV has complied with the notice requirements of 35 U.S.C. § 287 by, among other things, placing the required statutory notice on all software manufactured, sold, and offered for sale by it in the United States under the '236 patent.

42. ROY-G-BIV has been and will continue to be damaged by GE Fanuc's, GEFAA's, GEFIP's, and Fanuc's infringement.

43. Defendants' continuing acts of infringement are irreparably harming and causing damage to ROY-G-BIV. ROY-G-BIV has no adequate remedy at law to redress Defendants' continuing acts of infringement. The hardships that would be imposed by an injunction are less

than those faced by ROY-G-BIV should an injunction not issue. The public interest would be served by issuance of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ROY-G-BIV prays for the following relief against Defendants:

A.   A judgment that Defendants have infringed, and continue to infringe, one or more of the '897, '058, '236, and '543 patents;

B.   An injunction against Defendants, their officers, agents, servants, employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active concert or participation with Defendants, including distributors and customers, enjoining them from infringing the '897, '058, '236, and '543 patents;

C.   An award of damages under 35 U.S.C. § 284, along with pre-judgment and post-judgment interest;

D.   A trebling of such damages for Defendants' willful infringement;

E.   A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

F.   An award of attorneys' fees, costs, and expenses; and

G.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ROY-G-BIV demands a trial by jury for all issues and claims so triable.

Dated: September 19, 2007

Of Counsel:

William A. Isaacson
D. Michael Underhill
Eric J. Maurer
Aaron J. Snow
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: 202.237.2727
Fax: 202.237.6131
E-mail: wisaacson@bsfllp.com
E-mail: munderhill@bsfllp.com
E-mail: emaurer@bsfllp.com
E-mail: asnow@bsfllp.com

*Attorneys for Plaintiff ROY-G-BIV Corporation*

Respectfully submitted,

_____
Lance Lubel
Lead Attorney
Texas State Bar No. 12651125
John M. Black
Texas State Bar No. 24006850
HEARD, ROBINS, CLOUD & LUBEL LLP
3800 Buffalo Speedway, 5th Floor
Houston, Texas 77098
Telephone: (713) 650-1200
Fax: (713) 650-1400
E-mail: llubel@heardrobins.com
E-mail: jblack@heardrobins.com

Kip Glasscock
Texas State Bar No. 08011000
KIP GLASSCOCK, P.C.
550 Fannin, Suite 1350
Beaumont, Texas 77701
Telephone: (409) 833-8822
Fax: (409) 838-4666
E-mail: kipglasscock@hotmail.com

Russell A. Chorush
Texas State Bar No. 24031948
HEIM, PAYNE & CHORUSH, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Fax: (713) 221-2021
E-mail: rchorush@hpcllp.com