## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ROY-G-BIV Corporation, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:07-CV-00418-DF |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Fanuc Ltd., Fanuc Robotics America, Inc., | ) |
| GE Fanuc Automation Corporation, and | ) |
| GE Fanuc Intelligent Platforms, Inc. | ) |
| | ) |

## PLAINTIFF ROY-G-BIV CORPORATION'S ANSWER
## TO DEFENDANTS' SECOND AMENDED ANSWER AND COUNTERCLAIMS

Plaintiff and Counterclaim Defendant ROY-G-BIV Corporation ("ROY-G-BIV") answers the counterclaims in Defendants and Counterclaim Plaintiffs' Second Amended Answer and Counterclaims ("Defendants' Second Amended Answer and Counterclaims") (Dkt. No. 90, filed under seal).

The numbered paragraphs below correspond to the numbered paragraphs in Defendants' Second Amended Answer and Counterclaims. To the extent not explicitly admitted, ROY-G-BIV denies the allegations in Defendants' Second Amended Answer and Counterclaims.

### DEFENDANTS' AFFIRMATIVE DEFENSES[1]

#### First Affirmative Defense

44.   Denied.

#### Second Affirmative Defense

45.   Denied.

---
[1] Defendants' counterclaims incorporate by reference the allegations in Defendants' affirmative defenses.

### [Third Affirmative Defense]

46.     ROY-G-BIV admits that Defendants withdrew the originally asserted Third Affirmative Defense pursuant to a Stipulation dated March 26, 2008.  ROY-G-BIV denies any remaining allegations, including those relating to the originally asserted Third Affirmative Defense.

### Fourth Affirmative Defense

47.     Denied.

### Fifth Affirmative Defense

48.     Denied.

### Sixth Affirmative Defense

49.     Denied.

### Seventh Affirmative Defense

50.     Denied.

### Eighth Affirmative Defense

51.     Denied.

52.     Denied.

### Ninth Affirmative Defense

53.     ROY-G-BIV admits that Jay Clark and David Brown are the named inventors on the '897, '543, '058, and '236 patents.  ROY-G-BIV admits that a portion of the WOSA Inside Windows reference was submitted during prosecution of the patents-in-suit.  ROY-G-BIV denies the remaining allegations of this paragraph.

54.     ROY-G-BIV admits that Mr. Clark and Mr. Brown had experience working with the Windows Operating System prior to the inventions of the patents-in-suit.  ROY-G-BIV

admits that Mr. Clark and Mr. Brown worked with and for Microsoft Corporation ("Microsoft").  ROY-G-BIV admits that Mr. Clark had two years of experience with MS-Windows 3.1 development using the Microsoft Windows Software Development Kit ("SDK").  ROY-G-BIV admits that the Microsoft Windows SDK is an extremely large set of documents, and that an extremely small aspect refers to Windows GDI.  ROY-G-BIV admits that Mr. Clark worked at Microsoft from 1988 to 1989.  ROY-G-BIV admits that Mr. Clark had in-depth knowledge of C, Pascal, and assembly language in addition to compilers/assemblers, and MS-DOS and OS/2 operating systems.  ROY-G-BIV admits that Mr. Clark was the President of the Microsoft Co-op Forum and an Instructor of introductory C courses for Microsoft Co-ops and employees.  ROY-G-BIV admits that Mr. Brown graduated first in his class in Computer Graphics with 3D Rendering at the University of Puget Sound.  ROY-G-BIV denies the remaining allegations of this paragraph.

55.   ROY-G-BIV admits that in 1990, Mr. Clark was familiar with Microsoft's software interfaces using MS-DOS for device dependent assembly language programming.  ROY-G-BIV admits that in 1990 and 1991, Mr. Clark worked as a Software Developer for the entity referenced in the paragraph, and that as part of that job, Mr. Clark wrote device dependent assembly language programs using Microsoft's MS-DOS Operating System, primarily relating to backing up data on magnetic tape storage.  ROY-G-BIV is unable to admit or deny whether and to what extent this work involved interfacing with printers, and therefore denies same.  ROY-G-BIV denies the remaining allegations of this paragraph.

56.   ROY-G-BIV admits that the products referenced in the paragraph were graphical adventure games running on MS-DOS.  ROY-G-BIV denies the remaining allegations of this paragraph.

3

57.     ROY-G-BIV admits that Mr. Brown worked at the company referenced in the paragraph from 1989 to 1992.  ROY-G-BIV admits that Mr. Brown assisted in developing several graphical games on MS-DOS, including the products referenced in the paragraph.  ROY-G-BIV admits that from 1991 to 1992, Mr. Brown worked as a Microsoft Windows Software Project Manager/Developer and assisted in developing the additional software product referenced, which was a patient database management and graphing system running on Microsoft Windows 3.x.  ROY-G-BIV admits that while working on this product, Mr. Brown used aspects of a Microsoft Windows SDK and related tools.  ROY-G-BIV denies the remaining allegations of this paragraph.

58.     ROY-G-BIV admits that Mr. Clark had limited familiarity with Windows GDI while working for the company referenced in the paragraph.  ROY-G-BIV admits that Mr. Clark held the position of MS-Windows Software Design Engineer from 1993 to 1994 while at the company referenced in the paragraph.  ROY-G-BIV admits that Mr. Clark was one of two chief software design consultants for the product referenced in the paragraph, which was a vision-based metrology application designed for use with the Windows 3.1 Operating System.  ROY-G-BIV admits that Mr. Clark designed and developed application subsystems using C++, including a lighting subsystem using DAC cards, a video subsystem using framegrabbers, and a measurement subsystem using graphical drawing tools for video image edge detection.  ROY-G-BIV admits that Mr. Clark's timesheets indicate that he has worked on problems involving Microsoft GDI.  ROY-G-BIV admits that the software referenced contains several calls to the Microsoft GDI.  ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case contain Defendants' last set of quoted language but do not admit that Defendants have

placed this language in proper context.  ROY-G-BIV denies the remaining allegations of this paragraph.

59.     ROY-G-BIV admits that Mr. Clark worked with Microsoft as an independent contractor in 1993 and provided technical support for Microsoft's Visual C++ Beta Program. ROY-G-BIV admits that Mr. Clark's resume, in reference to his work with the Visual C++ beta program, stated "Required Comprehensive knowledge of developing software with the Visual C++ environment, compiler, and tools, MS Windows SDK, and Windows development using C++ and MFC."  ROY-G-BIV denies the remaining allegations of this paragraph.

60.     ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case contain Defendants' quoted language, but do not admit that Defendants have placed this language in proper context.   ROY-G-BIV denies the remaining allegations of this paragraph.

61.     ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case contain Defendants' quoted language, but do not admit that Defendants have placed this language in proper context.  RGB admits that it claims that its XMC software, when used alone or in combination with third party hardware, such as third-party motion control devices, computers, and objects incorporates or reflects the asserted patent claims.  ROY-G-BIV admits that Arc() and LineTo() functions existed in the Windows GDI.  ROY-G-BIV denies the remaining allegations of this paragraph.

62.     ROY-G-BIV admits that a section in the specification of the patents-in-suit states the following:

> [t]he Applicants are also aware of the common programming practice in which drivers are provided for hardware such as printers or the like; an application program such as a word processor allows a user to select a driver associated with a given printer to allow the application program to print on that given printer.

*See* '897 patent at col. 2:62-67. ROY-G-BIV denies the remaining allegations of this paragraph.

63. ROY-G-BIV admits that a section in the specification of the patents-in-suit states the following:

> While this approach does isolates the application programmer from the complexities of programming to each hardware configuration in existence, this approach does not provide the application programmer with the ability to control the hardware in base incremental steps. In the printer example, an application programmer will not be able to control each stepper motor in the printer using the provided printer driver; instead, the printer driver will control a number of stepper motors in the printer in a predetermined sequence as necessary to implement a group of high level commands.

*See* '897 patent at col. 3:1-11. ROY-G-BIV denies the remaining allegations of this paragraph.

64. ROY-G-BIV admits that on or about June 28, 1995, Mr. Clark and Mr. Brown signed a declaration that was submitted to the PTO which stated in pertinent part: "I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations. § 1.56(a)." ROY-G-BIV admits that similar declarations exist for the applications underlying the '058, '236, and '543 patents. ROY-G-BIV admits that Mr. Clark or Mr. Brown knew about and/or possessed several references concerning Windows GDI, including some or all of those described in (a)-(l). ROY-G-BIV denies the remaining allegations of this paragraph.

65. On information and belief, ROY-G-BIV admits that references submitted during the original prosecution of the '897 patent did not explicitly discuss "Windows GDI." ROY-G-BIV denies the remaining allegations of this paragraph.

66. ROY-G-BIV admits that an excerpt from "Inside Windows 95" was submitted to the PTO during the prosecution of the patents-in-suit, and this section did not explicitly discuss "Windows GDI." ROY-G-BIV denies the remaining allegations of this paragraph.

67. ROY-G-BIV admits that a section in the specification of the patents-in-suit states "WOSA model has no relation to motion control devices." *See* '897 patent at col. 2:60-61. ROY-G-BIV admits that the applicants knew that the WOSA model was an open software architecture. ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case discuss WOSA as it relates to SPI and API, but do not admit that Defendants' allegation has placed these discussions in proper context. ROY-G-BIV denies the remaining allegations of this paragraph.

68. ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case contain Defendants' quoted or referenced language, but do not admit that Defendants have placed this language in proper context. ROY-G-BIV denies the remaining allegations of this paragraph.

69. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

70. ROY-G-BIV admits that the WinSem group existed prior to the issuance of the '897 patent. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

71. ROY-G-BIV admits that, consistent with the foregoing Responses, Mr. Clark and Mr. Brown were both aware of the WinSEM group. ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case contain Defendants' quoted or referenced language, but do not admit that Defendants have placed this language in proper context. ROY-G-BIV admits that Mr. Clark and/or Mr. Brown had a meeting on January 25, 1994 at the company referenced in the paragraph. ROY-G-BIV admits that Mr. Clark and Mr. Brown considered presenting XMC to WinSEM at one of its quarterly meetings. At the present time,

ROY-G-BIV is unable to admit or deny the remaining allegations of this paragraph, and therefore denies same.

72.     ROY-G-BIV admits that, consistent with the foregoing Responses, Mr. Clark and Mr. Brown were both aware of the WinSEM group.  At the present time, ROY-G-BIV is without sufficient knowledge to admit or deny Defendants' allegations regarding the alleged emails or downloads from WinSEM that Mr. Clark and/or Mr. Brown received during a certain time period and therefore denies same.   ROY-G-BIV admits that one or more ROY-G-BIV documents produced in this case contain language that Defendants are allegedly referencing, but do not admit that Defendants have placed this language in proper context.  ROY-G-BIV denies the remaining allegations of this paragraph.

73.     ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

## DEFENDANTS' COUNTERCLAIMS

### The Parties

74.     ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

75.     ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

76.     ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

77.     ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

78. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

79. Admitted.

## Jurisdiction and Venue

80. For purposes of this action, ROY-G-BIV admits that this Court has subject matter jurisdiction over the counterclaims specifically alleged by Defendants in their October 9, 2008, Counterclaims.

81. For purposes of this action, ROY-G-BIV admits that the Court has personal jurisdiction and that venue is proper. ROY-G-BIV denies the remaining allegations in this paragraph.

## DEFENDANTS' FACTUAL ALLEGATIONS

82. Admitted.

83. ROY-G-BIV admits that Defendants have denied that they infringe or have infringed any valid claim of the '897, '543, '058, and '236 patents. ROY-G-BIV admits that Defendants have asserted that the claims of the '897, '543, '058, and '236 patents are invalid and unenforceable. ROY-G-BIV denies the remaining allegations in this paragraph.

84. ROY-G-BIV admits that there is an actual, immediate, and justiciable controversy between Defendants and ROY-G-BIV as to the validity and infringement of the claims of the '897, '543, '058, and '236 patents. ROY-G-BIV denies the remaining allegations in this paragraph.

85. ROY-G-BIV admits that the title shown on the front page of U.S. Patent No. 5,825,361 ("'361 patent") is "Dynamic Graphical System Configuration Utility." ROY-G-BIV admits that the '361 patent shows an issue date of October 20, 1998. ROY-G-BIV admits that a

copy of the '361 patent is attached as Exhibit A to the Second Amended Answer and Counterclaims. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

86. ROY-G-BIV admits that the title shown on the front page of U.S. Patent No. 5,764,155 ("'155 patent") is "Dynamic Data Exchange Server." ROY-G-BIV admits that the '155 patent shows an issue date of July 9, 1998. ROY-G-BIV admits that a copy of the '155 patent is attached as Exhibit B to the Second Amended Answer and Counterclaims. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

87. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

88. ROY-G-BIV admits that Defendants requested that they be permitted to conduct an examination of ROY-G-BIV's products, including the related manuals, design documents, and source code. ROY-G-BIV admits that it denied the portion of Defendants' request that would have provided Defendants with unfettered access to ROY-G-BIV's highly confidential information. ROY-G-BIV admits that in June 2008 Defendants advised ROY-G-BIV of its position that ROY-G-BIV needed a license to a number of Defendants' patents. Defendants did not, however, identify any of the patents. ROY-G-BIV admits that it denied the portion of Defendants' request that would have provided Defendants with "unfettered access to ROY-G-BIV's highly confidential information." ROY-G-BIV is without knowledge or information sufficient to form a belief as to Defendants' grounds for asserting infringement and denies related allegations. ROY-G-BIV denies the remaining allegations in this paragraph.

## Count I

(For a Declaratory Judgment of Invalidity of the '897, '543, '058, and '236 Patents)

89.     ROY-G-BIV repeats and realleges its previous responses, as well as the allegations in its Complaint.

90.     Denied.

91.     Denied.

92.     Denied.

## Count II

(For a Declaratory Judgment of Noninfringement of the '897, '543, '058, and '236 Patents)

93.     ROY-G-BIV repeats and realleges its previous responses, as well as the allegations in its Complaint.

94.     Denied.

## Count III

(For a Declaratory Judgment of Unenforceability of the '897, '543, '058, and '236 Patents)

95.     ROY-G-BIV repeats and realleges its previous responses, as well as the allegations in its Complaint.

96.     Denied.

## Count IV

(For a Declaratory Judgment of Unenforceability of the '897, '543, '058, and '236 Patents)

97.     ROY-G-BIV repeats and realleges its previous responses, as well as the allegations in its Complaint.

98.     ROY-G-BIV admits that Defendants have not yet pled unclean hands or estoppel as affirmative defenses, nor have they pled an affirmative counterclaim based on violation of the

anti-trust and/or unfair competition laws. ROY-G-BIV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

## Count V

(Infringement of the '361 Patent)

99. ROY-G-BIV repeats and realleges its previous responses, as well as the allegations in its Complaint.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## Count VI

(Infringement of the '155 Patent)

104. ROY-G-BIV repeats and realleges its previous responses, as well as the allegations in its Complaint.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

## **DEFENDANTS' PRAYER FOR RELIEF**

ROY-G-BIV denies that Defendants are entitled to any of the relief requested in their Second Amended Answer and Counterclaims.

## DEMAND FOR JURY TRIAL

ROY-G-BIV demands a trial by jury for all issues and claims so triable.

## ROY-G-BIV'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of the '361 and '155 patents are invalid for failure to comply with one or more provisions under the patent code, such as 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense

ROY-G-BIV has not infringed and does not infringe the '361 and '155 patents.

### Third Affirmative Defense

Defendants' claims for relief arising from the '361 and '155 patents are limited by 35 U.S.C. §§ 286 and/or 287.

## RGB'S REQUEST FOR RELIEF ON DEFENDANTS' COUNTERCLAIMS

WHEREFORE, RGB prays for a judgment:

A.  Dismissing with prejudice Defendants' counterclaims in their entirety;

B.  Denying all relief requested by Defendants against RGB, and entering judgment for RGB;

C.  That RGB has not infringed and is not infringing the '361 and '155 patents, either directly or indirectly, and either literally or under the doctrine of equivalents, and is not liable for any alleged infringement of the patents;

D.  That the claims of the '361 and '155 patents are invalid;

14

E.  That Defendants are estopped from asserting the '361 and '155 patents against RGB;

F.  Awarding RGB reasonable attorneys' fees pursuant to, at least, 35 U.S.C. § 285;

G.  Awarding RGB costs; and

H.  Awarding RGB such other and further relief as this Court may deem just and proper.

|  | Respectfully submitted, |
|---|---|
| Dated: December 5, 2008 | /s/ Eric J. Maurer |
|  | Lance Lubel |
|  | Lead Attorney |
|  | Texas State Bar No. 12651125 |
|  | John M. Black |
|  | Texas State Bar No. 24006850 |
|  | HEARD, ROBINS, CLOUD & LUBEL LLP |
|  | 3800 Buffalo Speedway, 5th Floor |
|  | Houston, Texas 77098 |
|  | Telephone: (713) 650-1200 |
|  | Fax: (713) 650-1400 |
|  | E-mail: llubel@heardrobins.com |
|  | E-mail: jblack@heardrobins.com |
| Of Counsel: | Kip Glasscock |
|  | Texas State Bar No. 08011000 |
| William A. Isaacson | KIP GLASSCOCK, P.C. |
| D. Michael Underhill | 550 Fannin, Suite 1350 |
| Eric J. Maurer | Beaumont, Texas 77701 |
| Aaron J. Snow | Telephone: (409) 833-8822 |
| BOIES, SCHILLER & FLEXNER LLP | Fax: (409) 838-4666 |
| 5301 Wisconsin Avenue, NW | E-mail: kipglasscock@hotmail.com |
| Washington, DC 20015 |  |
| Telephone: 202.237.2727 | Russell A. Chorush |
| Fax: 202.237.6131 | Texas State Bar No. 24031948 |
| E-mail: wisaacson@bsfllp.com | HEIM, PAYNE & CHORUSH, L.L.P. |
| E-mail: munderhill@bsfllp.com | JP Morgan Chase Tower |
| E-mail: emaurer@bsfllp.com | 600 Travis Street, Suite 6710 |
| E-mail: asnow@bsfllp.com | Houston, Texas 77002 |
|  | Telephone: (713) 221-2000 |
| *Attorneys for Plaintiff ROY-G-BIV Corporation* | Fax: (713) 221-2021 |
|  | E-mail: rchorush@hpcllp.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2008, counsel of record for the parties are being served a copy of this document via the Court's CM/ECF system.

/s/ Eric J. Maurer
Eric J. Maurer