# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ROY-G-BIV CORPORATION | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-418-DF |
| | § | |
| FANUC LTD., ET AL. | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) and the local rules, ROY-G-BIV's motions for a protective order (Dkt. Nos. 157 & 158) are pending before the undersigned. For the reasons discussed below, the undersigned grants ROY-G-BIV's amended motion for a protective order (Dkt. No. 158) and denies as moot its first motion (Dkt. No. 157).

In its amended motion for a protective order, ROY-G-BIV seeks a protective order with regard to seven subpoenas issued from four United States District Courts—Western District of Washington, Northern District of California, District of Oregon, and Southern District of New York. The subpoenas each seek information from various individuals concerning the reexamination proceedings currently ongoing concerning the patents-in-suit.[1] ROY-G-BIV filed a motion to quash in each of the four venues. Subsequently, in each of the respective venues, the parties have jointly moved to transfer the motions to quash to this court or have alternatively requested that the issuing courts stay the proceedings until this court rules.

ROY-G-BIV argues that each of the individuals noticed by the subpoenas are retained as experts by ROY-G-BIV to address the invalidity defenses raised by the defendants in both the USPTO reexamination proceedings and this case. ROY-G-BIV relies on Federal Rule of Civil

---

[1] In September 2008, the defendants filed both *ex parte* and *inter partes* reexamination requests with the USPTO, in which the defendants argue that all claims of the patents-in-suit are invalid. In January 2009, the USPTO issued preliminary office actions in which it initially rejected ROY-G-BIV's claims. In April 2009, ROY-G-BIV responded to the office actions with sworn declarations from various experts.

Procedure 26(b)(4). As none of the experts have submitted a report in this case yet, ROY-G-BIV argues that the requested deposition testimony is improper at this time. Furthermore, ROY-G-BIV asserts that the deposition request at this time would violate the parties' agreement.

In response, Fanuc argues that the alleged experts are being deposed as fact witnesses, as they have extensive experience with the technology at issue in the case prior to and independent of their involvement in this case. Furthermore, Fanuc asserts that each expert submitted a public declaration during the reexamination proceedings before the USPTO and, to the extent that these declarations are deemed by the USPTO or ROY-G-BIV to be expert reports, Fanuc is allowed to depose them as experts. Fanuc also rejects ROY-G-BIV's assertion that Fanuc seeks to use the depositions in the reexamination proceedings—after the filing of the motion, the parties subsequently agreed to postpone the depositions until after the filing of the responsive statements in the *inter partes* reexamination are due.

After considering the arguments, the court grants the motion with respect to all the witnesses except Charles Petzold. Mr. Petzold was identified in the defendants' Rule 26 disclosures as a fact witness. The defendants may depose Mr. Petzold concerning his knowledge of the applicable prior art reference(s). To the extent that the witnesses are later identified as "testifying experts," the defendants may depose those witnesses and may use their declarations to the USPTO (and any drafts thereof) to cross-examine them. *See Hewlett-Packard v. Bausch & Lomb, Inc.*, 116 F.R.D. 533, 535-41 (N.D. Cal. 1987); *Goss Int'l v. Man Roland, Inc.*, 2006 WL 1134930, *2-3 (D. N.H. 2006). The court cancels the telephonic hearing set for June 5, 2009.

SIGNED this 4th day of June, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE