IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROY-G-BIV CORPORATION | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-418-DF |
| | § | |
| FANUC LTD., ET AL. | § | |

## ORDER

### I. Introduction

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) and the local rules, ROY-G-BIV's motion to compel defendant Fanuc Ltd. to appear in the U.S. (Dkt. No. 143) is pending before the undersigned.

### II. Factual and Procedural Background

In its motion to compel, ROY-G-BIV seeks to compel three or more Fanuc Ltd. ("Fanuc") witnesses to be present in the U.S. for depositions, including its 30(b)(6) witnesses and those witnesses being deposed in their individual capacity. Fanuc opposes the motion and requests that the depositions take place in Japan, where the witnesses reside and where Fanuc's principal place of business is located. That the parties have been unable to agree on the disposition is indicated by the following timeline:

| | |
|---|---|
| 3/25/2009 | ROY-G-BIV advises Fanuc of its intent to depose 30(b)(6) witnesses in the U.S. *See* Ex. J to Pl.'s Mot. |
| 3/26/2009 | Fanuc requests legal authority supporting a U.S. deposition. *See* Ex. L to Pl.'s Mot.<br>ROY-G-BIV replies the same day and agrees to pay for one-half of all reasonable travel expenses and sends legal authority. *See* Ex. M to Pl.'s Mot. |
| 4/7/2009 | Fanuc indicates it wants the deposition in Japan, but "[t]o the extent Fanuc is willing to produce its witnesses in the U.S., ROY-G-BIV should reimburse all reasonable travel expenses (including |

| | |
|---|---|
| | lodging and transportation) associated with deposing these witnesses." *See* Ex. N to Pl.'s Mot. |
| 4/9/2009 | ROY-G-BIV offers to pay one-half of all reasonable travel expenses associated with deposing Fanuc witnesses anywhere in the world between April 27 and July 3, "provided that the witnesses are not already planning on traveling to the U.S." *See* Ex. O to Pl.'s Mot. |
| 4/13/2009 | Fanuc responds, reaffirming its prior position, citing case law suggesting that ROY-G-BIV should be obligated to pay all of its witnesses' travel expenses if they appeared in the U.S. for deposition. *See* Ex. P to Pl.'s Mot. |
| 4/15-16/2009 | ROY-G-BIV offers to pay all of the witnesses' reasonable travel expenses. *See* Ex. Q to Pl.'s Mot. |
| 4/24/2009 | ROY-G-BIV repeats its previous offer to pay all of the witnesses' reasonable travel expenses. *See* Ex. Q to Pl.'s Mot.<br>Fanuc states it will not, without regard for who paid the expenses, appear in the U.S. for deposition. *See* Ex. R to Pl.'s Mot. |

**III.    Discussion**

    **A.    Applicable Law**

As a discovery dispute is not unique to patent law, this issue is governed by Fifth Circuit law. *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1307 (Fed. Cir. 2005). It is the general rule that "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is a defendant." *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979). Notwithstanding this general rule, a court has broad discretion in controlling discovery matters. *Nations v. Sun Oil Co.*, 695 F.2d 933, 939 (5th Cir. 1983). A court may deviate from this general rule "where the plaintiff shows peculiar circumstances or compelling reasons for such a departure." *Advanced Tech. Incubator v. Sharp Corp.*, 2008 WL 4663568, *3 (E.D. Tex. 2008). In making its decision, the court considers a

number of factors. *See MediaTek, Inc. v. Sanyo Electric Co. Ltd.*, 2006 Wl 5709449, *1 (E.D. Tex. 2006) and *Tailift USA,* 2004 WL 722244 at *2 (discussing various factors).

B. Application

ROY-G-BIV suggests that the following facts support its motion: Fanuc's U.S. presence; the inability of the court to supervise a Japanese deposition; the cumbersome deposition process in Japan; any inconvenience is offset by the international nature of Fanuc's business; and a U.S. deposition would be more convenient for counsel and would lower the parties' costs. In opposition to ROY-G-BIV's motion, Fanuc, noting the above rule, argues that ROY-G-BIV has not met its burden to compel a deposition in the U.S. *See Group One,* 407 F.3d at 1307; *Salter*, 593 F.2d at 651. Fanuc asserts the following: no counsel is present in the forum district; the deposing party is seeking to depose more than one corporate witness on a number of topics; Fanuc did not choose a corporate representative that resides outside Japan; there is no likelihood of disputes as both parties agree to be bound by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas; and the nature of the claims and the parties' relationship does not compel a U.S. deposition. *See Tailift USA, Inc. v. Tailift Co.*, 2004 WL 722244 (N.D. Tex. 2004).

The parties do not dispute that Japan is Fanuc's principal place of business. Accordingly, under the general rule, Fanuc is correct in its assertion that the depositions should be taken in Japan. The court, however, is not persuaded by Fanuc's argument. For the reasons discussed below, the court concludes that ROY-G-BIV has established compelling reasons for departing from the general rule.

First, the deposition in Japan must be scheduled well in advance, and the use of the consulate is limited by both the amount of time (6 ½ hours) and the area available for

depositions. *See MediaTek*, 2006 WL 5709449 at *2; *Advanced Tech.*, 2008 WL 4663568 at * 2. Second, Fanuc has a strong presence within the U.S. It does not dispute that it conducts extensive business in the U.S. through both its own service centers and its U.S. Affiliates. Neither does Fanuc dispute that it has significant experience with U.S. courts. Third, the inability of the court to intervene should a discovery dispute arise strongly favors the taking of a U.S. deposition, notwithstanding Fanuc's agreement to abide by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Putting aside the two motions pending before the court, there have been two other discovery related motions filed in this case (Dkt. Nos. 68 & 131). Accordingly, the court is not confident that the two parties will engage in depositions without contention. *Contra Tailift*, 2004 WL 722244 at *3 (stating, "There have been no previous discovery disputes in this case[, and] [t]he mere possibility of such disputes does not necessarily weigh in favor of conducting the deposition here."). The bulk of the deposition testimony will need to be translated, and any delay in contacting the court will further prolong the depositions—especially in light of the time difference between Japan and Texas. Fourth, although Fanuc has preliminarily designated five witnesses to address the 11 broad topics indicated in ROY-G-BIV's deposition notice, some of the topics could arguably be addressed by the same witness. Moreover, during the pendency of this motion, ROY-G-BIV narrowed the topics for the deposition. Fanuc has provided no specific reason for not being able to produce its witnesses in the U.S., apart from the fact that they would be inconvenienced. In fact, in its response, Fanuc emphasizes the importance of only two potential witnesses, Mr. Shima and Mr. Inaba. *See Advanced Tech.*, 2008 WL 4663568 at * 2. Finally, the facts of this case suggest that Fanuc has indicated a prior willingness to consider taking the depositions in the U.S. *See*

*MediaTek*, 2006 WL 5709449 at *2.  On balance, the court concludes that the depositions should occur in the U.S.

**IV.     Conclusion**

Based upon all of these considerations, and taking into consideration the various equities, the court finds that the depositions of these witnesses shall be taken in the U.S. at a location in California mutually agreeable to the parties.  The court orders ROY-G-BIV to pay for all of the travel expenses of the witnesses.  The motion to compel (Dkt. No. 143) is therefore granted.  The court cancels the telephonic hearing set for June 5, 2009.

SIGNED this 4th day of June, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE