IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ROY-G-BIV CORPORATION,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| vs. § | **CIVIL ACTION NO. 2:07-CV-418 (DF)** | |
| § | | |
| **FANUC LTD., et al.,** § | | |
| § | | |
| **Defendants.** § | | |

## O R D E R

Before the Court is Defendants' Motion for Reconsideration of Order Granting Plaintiff's Motion for Protective Order. Dkt. No. 176. Also before the Court is Plaintiff's response. Dkt. No. 181. Having considered the arguments of counsel, all relevant papers and pleadings, the Court finds that Defendants' Motion for Reconsideration should be **DENIED**.

Previously, Plaintiff requested a protective order with regard to seven subpoenas, which sought information from various individuals concerning reexamination proceedings connected to the patents-in-suit. Dkt. No. 158. Plaintiff argued that the individuals noticed by the subpoenas were retained as experts in this case. *Id.* Because none of the subpoenaed experts have yet submitted a report in this case, Plaintiff argued that the requested depositions were improper at this time. *Id.* (citing Fed. R. Civ. P. 26(b)(4)). In response, Defendants argued that the experts would be deposed as fact witnesses, as each—prior to their involvement in the case—had extensive knowledge regarding the technology at issue and the state of the prior art at the time of the patents' issuance. Dkt. No. 169. In addition, Defendants argued that these experts had submitted declarations to the PTO for the purposes of reexamination proceedings; those declarations could be deemed expert

reports, thus allowing Defendants to depose these individuals as experts.

Plaintiff's request for a protective order was referred to Magistrate Judge Everingham for decision. Dkt. No. 162. Magistrate Judge Everingham granted Plaintiff's request for a protective order as to six of the seven witnesses. In doing so, Magistrate Judge Everingham held that Defendants may later depose these witnesses to the extent that they are identified as testifying experts. Dkt. No. 170.

Defendants now ask that this Court reconsider Judge Everingham's order. Dkt. No. 178. Federal Rule of Civil Procedure 72(a) provides that the Court shall consider objections and shall modify or set aside any portion of a magistrate judge's order on a nondispositive matter found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(A). The Court should overturn a magistrate judge's ruling only when "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).

The Court finds that Defendants' attempt to re-characterize the subpoenaed witnesses as fact witnesses is misplaced. As Plaintiff points out, "most technical expert witnesses—like a myriad of others—are going to have general knowledge of the state of the art at the time that the invention was conceived." Dkt. No. 181 at 1. Such knowledge, however, does not turn these experts into fact witnesses. This is not a case where the participants or actors in the events that gave rise to the lawsuit have been retained as experts. *See Nelco Corp. v. Slater Elec., Inc.*, 80 F.R.D. 411, 413-16 (E.D.N.Y. 1978). Instead, Defendants' subpoenas are thinly-veiled attempts to depose experts witnesses regarding the opinions they have in this case. The Court will not displace the normal protections of Rule 26(b)(4) and allow such depositions to take place prematurely. Accordingly, the

Court finds that Magistrate Judge Everingham's order was neither clearly erroneous or contrary to law.

For the reasons stated above, Defendants' motion for reconsideration (Dkt. No. 176) is hereby **DENIED**.

**SIGNED this 9th day of July, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE